FILED
2016 MAY 9 PM 2 18
COLUMBIA COUNTY, AR
PHYLLIS DISOTELL
CIRCUIT CLERK

## IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS

DONALD WATSON and
TONYA WATSON                                                PLAINTIFFS

V.                    NO. CV – 2016 - 76 - 4

JUSTIN PIETSCH, and                                         DEFENDANTS
UNIFIRST HOLDINGS, LP

## COMPLAINT

Comes now the Plaintiffs, Donald Watson and Tonya Watson, by and through their attorney, Michael W. Boyd, and for their Complaint against the Defendants Justin Pietsch and Unifirst Holdings, LP states as follows:

1. Plaintiffs, Donald Watson and Tonya Watson are residents of Columbia County, Arkansas. Defendant, Justin Pietsch is a resident of Ringgold, Louisiana. Defendant Unifirst Holdings, LP is a foreign corporation registered to do business in the State of Arkansas. Its agent for service of process is "Corporation Service Company" at 300 Spring Building Suite 900, 300 S. Spring St., Little Rock, AR 72201.

2. Upon information and belief, Defendant Justin Pietsch, is an employee truck driver of Unifirst Holdings, LP.

3. The negligent acts complained of herein occurred in Columbia County, Arkansas.

4. Jurisdiction and venue are proper before this Court.

1


EXHIBIT "A"

EXHIBIT A

5. On or about June 6, 2013, Plaintiff, Donald Watson, was operating a vehicle traveling south on U.S. Highway 82 in Columbia County, Arkansas, when Defendant Justin Pietsch, who was operating a commercial truck rig owned by Unifirst Holdings, LP, was also traveling south on U.S. Highway 82, and crashed into the rear of the Plaintiff's vehicle. Tonya Watson was a passenger in the vehicle being driven by Donald Watson, her husband. Plaintiffs were physically injured in the collision.

6. Defendant Justin Pietsch's negligent acts include, but are not limited to the following:

Failure to maintain control of his vehicle;

Driving too close to another vehicle;

Careless driving;

Failure to yield; and,

Failure to keep a proper lookout.

7. At the time of the collision, Defendant Justin Pietsch was operating a vehicle owned by Defendant Unifirst Holdings, LP. Upon information and belief, Defendant Pietsch was employed by Unifirst Holdings, LP on the date of the collision, and was performing duties as an employee of Unifirst Holdings, LP at the time of the collision. As such, any negligence on the part of Justin Pietsch is imputed to his employer, Unifirst Holdings, LP, based upon *respondeat superior*. Thus, Unifirst Holdings, LP's negligence was a proximate cause of the Plaintiffs' injuries and resulting damages.

2

8. The Defendants' negligent acts were the proximate cause of the Plaintiffs' injuries.

9. The Plaintiffs, Donald and Tonya Watson, each suffered pain and injuries as a result of the Defendants' negligent acts and incurred medical expenses for the same.

10. As a result of Defendants' negligence, Donald Watson received treatment from Magnolia Regional Medical Center in Magnolia, Arkansas. He incurred charges related to this treatment. This treatment was reasonable and necessary. The expenses charged by Magnolia Regional Medical Center are reasonable. Said treatment and expenses are related to the motor vehicle collision negligently caused by the Defendants.

11. As a result of Defendants' negligence, Donald Watson received treatment from Emergency Staffing SOL, RGN III in Magnolia, Arkansas. He incurred charges related to this treatment. This treatment was reasonable and necessary. The expenses charged by Emergency Staffing SOL, RGN III are reasonable. Said treatment and expenses are related to the motor vehicle collision negligently caused by the Defendants.

12. As a result of Defendants' negligence, Donald Watson received treatment from the Mercy Medical Center/CHI St. Vincent's Hot Springs in Hot Springs, Arkansas. He incurred charges related to this treatment. This treatment was reasonable and necessary. The expenses charged by the Mercy Medical Center are reasonable. Said treatment and expenses are related to the motor vehicle collision negligently caused by the Defendants.

13. As a result of Defendants' negligence, Donald Watson received treatment

from Dr. Ked Davis. He incurred charges related to this treatment. This treatment was reasonable and necessary. The expenses charged by Dr. Ked Davis are reasonable. Said treatment and expenses are related to the motor vehicle collision negligently caused by the Defendants.

14. As a result of Defendants' negligence, Donald Watson received treatment from Dr. Michael Young. This treatment was reasonable and necessary. The expenses charged by Dr. Michael Young are reasonable. Said treatment and expenses are related to the motor vehicle collision negligently caused by the Defendants.

15. As a result of Defendants' negligence, Donald Watson received treatment from Hot Springs Radiology in Hot Springs, Arkansas. He incurred charges related to this treatment. This treatment was reasonable and necessary. The expenses charged by Hot Springs Radiology are reasonable. Said treatment and expenses are related to the motor vehicle collision negligently caused by the Defendants.

16. As a result of Defendants' negligence, Donald Watson received treatment from Radiology Consultants, LLP in Texarkana, Texas. He incurred charges related to this treatment. This treatment was reasonable and necessary. The expenses charged by Radiology Consultants, LLP are reasonable. Said treatment and expenses are related to the motor vehicle collision negligently caused by the Defendants.

17. As a result of Defendants' negligence, Donald Watson received prescriptions from Prince Pharmacy in Magnolia, Arkansas. He incurred charges related to these prescriptions. This treatment was reasonable and necessary. The expenses

charged by Prince Pharmacy are reasonable. Said treatment and expenses are related to the motor vehicle collision negligently caused by the Defendants.

18. As a result of Defendants' negligence, Plaintiff Donald Watson reasonably expects to incur future medical expenses. He also expects to continue to endure pain and suffering in the future.

19. Plaintiffs incurred out-of-pocket expenses, as well as lost wages as a proximate result of Defendants' negligence.

20. As a result of Defendants' negligence, Tonya Watson received treatment from a medical provider. She incurred charges related to this treatment. This treatment was reasonable and necessary. The expenses charged by her medical provider are reasonable. Said treatment and expenses are related to the motor vehicle collision negligently caused by the Defendants.

21. Plaintiff Tonya Watson suffered loss of spousal consortium services and society as a result of Donald Watson's injuries both factually and proximately arising from Justin Pietsch's and Unifirst Holdings, LP negligence in the accident described hereinabove.

22. Plaintiffs' vehicle was substantially damaged as a result of the Defendants' negligence, and he sustained a loss of use of and loss of value in the vehicle, in addition to the cost of repair. Such damages are the responsibility of the Defendants.

WHEREFORE, the Plaintiffs, Donald Watson and Tonya Watson, pray for a judgment against the Defendants, Justin Pietsch and Unifirst Holdings, LP, in an amount

that exceeds the requirement for federal diversity jurisdiction for their injuries suffered, including past and future medical expenses, pain and suffering, permanency, out-of-pocket expenses, and lost wages; Plaintiff Tonya Watson prays for judgment for loss of consortium services and society; for the cost of repair, loss of use and loss of value regarding their personal property; for their attorney's fees and costs, and for all other proper relief to which they may be entitled.

Respectfully submitted,

DONALD WATSON and TONYA WATSON, Plaintiffs

Michael W. Boyd
Bell & Boyd, P.A.
Post Office Box 841
Magnolia, Arkansas  71754-0841
(870) 234-6111

By: _____
MICHAEL W BOYD (97199)

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
**Domestic Relations**

DONALD WATSON and
TONYA WATSON                                                                PLAINTIFFS

VS.                           NO. DR-2016- 76-4

JUSTIN PIETSCH and
UNIFIRST HOLDINGS, LP                                                       DEFENDANTS

**SUMMONS**

THE STATE OF ARKANSAS TO DEFENDANT:

**Justin Pietsch
1319 Pietsch Road
Ringgold, LA 71068**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) – or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas -- you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of civil Procedure.

The answer or motion must also be served on plaintiff's attorney, whose name and address are: Michael W. Boyd, P. O. Box 841, Magnolia, AR 71754.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional notices:**

Address of Clerk's Office
1 Court Square, Suite 3
Magnolia, AR 71753

CLERK OF COURT

_Jenny Lowe_
(Signature of Clerk or Deputy Clerk)

Date: 5/9/16

(SEAL)



Cite as 2012 Ark. 236

No. _____ This summons is for Justin Pietsch.

## PROOF OF SERVICE

\_\_\_\_ I personally delivered the summons and complaint to the individual at _____ [place] on _____ [date]; or

\_\_\_\_ I left the summons and complaint in the proximity of the individual by _____ after he/she refused to receive it when I offered it to him/her, or

\_\_\_\_ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____ (address) with _____ _____ [name], a person at least 14 years of age who resides there, on _____ {date}; or

\_\_\_\_ I delivered the summons and complaint to _____ [name of individual, an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant] on _____ [date]; or

\_\_\_\_ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

\_\_\_\_ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

\_\_\_\_ Other [specify]: _____

\_\_\_\_ I was unable to execute service because _____

_____

My fee is $_____.

To be completed if service is by a sheriff or deputy sheriff.

Date: _____          SHERIFF OF COLUMBIA COUNTY, ARKANSAS

                               By: _____
                                         [Signature of Server]

                               _____
                               Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff of deputy sheriff:**

Date: _____          By: _____
                                         [Signature of Server]

                               _____
                               [Printed Name]
Address:

_____

_____

Phone: _____

         SUBSCRIBED AND SWORN TO before me, this ____ day of _____,
2016.

                               _____
                               Notary Public

Additional information regarding service or attempted service:

_____

_____

## IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
### Domestic Relations

DONALD WATSON and
TONYA WATSON                                                      PLAINTIFFS

VS.                       NO. DR-2016-76-4

JUSTIN PIETSCH and
UNIFIRST HOLDINGS, LP                                             DEFENDANTS

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**Corporation Service Company**
**Registered Agent for Unifirst Holdings, LP**
**300 Spring Building, Suite 900**
**300 S. Spring Street**
**Little Rock, AR 72201**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) – or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas – you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of civil Procedure.

The answer or motion must also be served on plaintiff's attorney, whose name and address are: Michael W. Boyd, P. O. Box 841, Magnolia, AR 71754.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional notices:**

Address of Clerk's Office
1 Court Square, Suite 3
Magnolia, AR 71753

(SEAL)

CLERK OF COURT

_____
(Signature of Clerk or Deputy Clerk)

Date: 5/9/16

Cite as 2012 Ark. 236

No. _____ This summons is for Corporation Service Company, Registered Agent for Unifirst Holdings, LP.

## PROOF OF SERVICE

_____ I personally delivered the summons and complaint to the individual at _____ _____ [place] on _____ [date]; or

_____ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her, or

_____ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____ (address) with _____ _____ [name], a person at least 14 years of age who resides there, on _____ {date}; or

_____ I delivered the summons and complaint to _____ [name of individual, an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant] on _____ [date]; or

_____ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

_____ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

_____ Other [specify]: _____

_____ I was unable to execute service because _____

_____

My fee is $_____.

To be completed if service is by a sheriff or deputy sheriff.

Date: _____                SHERIFF OF COLUMBIA COUNTY, ARKANSAS

                                     By: _____
                                         [Signature of Server]

                                     _____
                                     Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff of deputy sheriff:**

Date: _____                By: _____
                                         [Signature of Server]

                                     _____
                                     [Printed Name]

Address:

_____

_____

Phone: _____

        SUBSCRIBED AND SWORN TO before me, this ____ day of _____,
2016.

                                     _____
                                     Notary Public

Additional information regarding service or attempted service:

_____

_____

IN THE CIRCUIT COURT OF COLUMBIA COUNTY ARKANSAS
CIVIL DIVISION

DONALD WATSON and
TONYA WATSON                                                    PLAINTIFFS

vs.                     NO. CV-2016-76-4

JUSTIN PIETSCH, and
UNIFIRST HOLDINGS, LP                                           DEFENDANTS

## ANSWER

COMES NOW Defendants named herein as Justin Pietsch and Unifirst Holdings, LP, by and through their attorneys, Huckabay Law Firm, PLC, and for their Answer to Plaintiffs' Complaint, states as follows:

1. Are without sufficient knowledge or information to admit or deny the allegations contained in ¶ 1 of Plaintiffs' Complaint and, therefore, deny same.

2. Are without sufficient knowledge or information to admit or deny the allegations contained in ¶ 2 of Plaintiffs' Complaint and, therefore, deny same.

3. Upon information and belief, Defendants admit a motor vehicle accident occurred in Columbia County, Arkansas. Defendants deny the remaining allegations contained in ¶ 3 of Plaintiffs' Complaint.

4. Are without sufficient knowledge or information to admit or deny the allegations contained in ¶ 4 of Plaintiffs' Complaint and, therefore, deny same.

EXHIBIT "B"

EXHIBIT B

5. Upon information and belief, Defendants admit a motor vehicle accident occurred in Magnolia, Columbia County, Arkansas on June 6, 2013. Defendants deny the remaining allegations contained in ¶ 5 of Plaintiffs' Complaint.

6. Deny ¶ 6 of Plaintiffs' Complaint.

7. Are without sufficient knowledge or information to admit or deny the allegations contained in ¶ 7 of Plaintiffs' Complaint and, therefore, deny same.

8. Deny ¶ 8 of Plaintiffs' Complaint.

9. Deny ¶ 9 of Plaintiffs' Complaint.

10. Deny ¶ 10 of Plaintiffs' Complaint.

11. Deny ¶ 11 of Plaintiffs' Complaint.

12. Deny ¶ 12 of Plaintiffs' Complaint.

13. Deny ¶ 13 of Plaintiffs' Complaint.

14. Deny ¶ 14 of Plaintiffs' Complaint.

15. Deny ¶ 15 of Plaintiffs' Complaint.

16. Deny ¶ 16 of Plaintiffs' Complaint.

17. Deny ¶ 17 of Plaintiffs' Complaint.

18. Deny ¶ 18 of Plaintiffs' Complaint.

19. Deny ¶ 19 of Plaintiffs' Complaint.

20. Deny ¶ 20 of Plaintiffs' Complaint.

21. Deny ¶ 21 of Plaintiffs' Complaint.

22. Deny ¶ 22 of Plaintiffs' Complaint.

23. Deny all allegations not specifically admitted herein.

24. Affirmatively deny all allegations, including those for entitlement to relief, contained in Plaintiffs' "WHEREFORE" clause.

25. Affirmatively plead a proration of fault pursuant to Ark. Code Ann. § 16-55-201, et seq. and the applicability of the Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. §16-61-201 et seq., as amended by Act 1116 of 2013.

26. Affirmatively plead the Civil Justice Reform Act of 2003 and all provisions thereof as they relate to joint liability, several liability, limitations of compensatory damages, and any limitations of punitive damages.

27. Affirmatively plead insufficiency of process and insufficiency of service of process on Defendant named herein as Justin Pietsch, and on that basis and pursuant to Arkansas Rules of Civil Procedure 12(b)(4) and 12(b)(5) Plaintiffs' Complaint should be dismissed.

28. Affirmatively pleads insufficiency of process and insufficiency of service of process on Defendant named herein as Unifirst Holdings, LP, and on that basis and pursuant to Arkansas Rules of Civil Procedure 12(b)(4) and 12(b)(5) Plaintiffs' Complaint should be dismissed.

29. Affirmatively plead the Defendant named herein as Unifirst Holdings, LP is an improper party to this law suit and

3

further Plaintiffs' Complaint against it should be dismissed pursuant to Arkansas Rules of Civil Procedure 12(b)(6).

30. Defendants reserve the right to plead further and reserves objections on the basis of (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, and (4) failure to join a party under Rule 19, if any.

31. Affirmatively plead all defenses available under Ark. R. Civ. P. 8(c), including but not limited to, and as may be applicable to the facts pled in the Complaint or developed during the course of the litigation, the following: (a) accord and satisfaction; (b) arbitration and award; (c) comparative fault; (d) discharge in bankruptcy; (e) duress; (f) estoppel; (g) exclusiveness of remedy under workmen's compensation law; (h) failure of consideration; (i) fraud; (j) illegality, (k) injury by fellow servant; (l) laches; (m) license; (n) payment; (o) release; (p) res judicata; (q) setoff; (r) statute of frauds; (s) statute of limitations, and (t) waiver.

32. Defendants affirmatively plead comparative fault and Ark. Code Ann. § 16-64-122 as a complete or partial bar to Plaintiffs' recovery in this matter.

33. Reserve the right to amend their Answer, plead further and conduct discovery.

WHEREFORE, premises considered, Defendants Justin Pietsch and Unifirst Holdings, LP pray Plaintiffs' Complaint be dismissed, for their costs, and for all other proper relief.

Respectfully submitted,

**HUCKABAY LAW FIRM, PLC**
SIMMONS TOWER
425 WEST CAPITOL AVENUE, SUITE 1575
LITTLE ROCK, ARKANSAS 72201
PH 501-375-5600
FX 501-375-5605

By: *Kathryn B. Knisley*
KATHRYN B. KNISLEY AR BIN 08169
D. MICHAEL HUCKABAY, JR. AR BIN 89135

**DEMANDS TRIAL BY JURY**

**CERTIFICATE OF SERVICE**

I, KATHRYN B. KNISLEY, hereby certify that on the **6TH** day of **JUNE, 2016**, a true and correct copy of the above and foregoing pleading has been served via facsimile on the parties listed below:

Michael W. Boyd
Bell & Boyd, P.A.
P.O. Box 841
Magnolia, AR  71754-0841
(870) 234-6699

*Kathryn B. Knisley*
KATHRYN B. KNISLEY AR BIN 08169

5